IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

ROBERT EISENBERG,

    Plaintiff,

v.

COLLECTCORP CORPORATION,

    Defendant.
_____/

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this District, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, ROBERT EISENBERG ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Plantation.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

6. Defendant, COLLECTCORP CORPORATION ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and Fla. Stat. § 559.55(1).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant, specifically, Bank of America..

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from purchases made in connection with a personal line of credit extended by Bank of America, the last four digits of the account number being 6831.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. On April 27, 2011, Defendant's collector, Jim Scodellaro, contacted Plaintiff via telephone in an attempt to settle an alleged debt.

13. Plaintiff informed Mr. Scodellaro that he was represented by the law firm of Weisberg & Meyers in regard to the alleged debt, and provided Mr. Scodellaro with his attorney's name and contact information.

14. Despite having been so advised, Mr. Scodellaro proceeded to continue trying to collect the alleged debt from Plaintiff directly by repeatedly requesting payment from Plaintiff.

15. When he was unsuccessful in resolving the alleged debt with Plaintiff directly, Mr. Scodellaro contacted Plaintiff's attorney, Alex Weisberg, via telephone and attempted to settle the debt with him.

16. Mr. Weisberg asked Mr. Scodellaro to send a proposed settlement demand in writing, along with Mr. Scodellaro's contact information.

17. Mr. Scodellaro refused to make any proposed settlement demand in writing to Mr. Weisberg as requested.

18. When Mr. Weisberg again requested Mr. Scodellaro send a proposed settlement demand in writing, Mr. Scodellaro proceeded to become belligerent, raising his voice, interrupting Mr. Weisberg and asserting that Mr. Weisberg was refusing to negotiate.

19. Further, Mr. Scodellaro threatened that he would call Plaintiff directly to inform Plaintiff that Mr. Weisberg was refusing to negotiate.

20. Mr. Weisberg was not refusing to negotiate.

21. Mr. Weisberg was attempting to obtain a written proposed settlement demand so that it could be presented to Plaintiff in order to facilitate settlement.

22. Similarly, Mr. Weisberg was attempting to obtain Mr. Scodellaro's contact information so that he could contact Mr. Scodellaro after discussing Defendant's written settlement demands with Plaintiff.

23. After speaking with Mr. Weisberg, Mr. Scodellaro immediately telephoned Plaintiff and misrepresented to Plaintiff that Mr. Weisberg had refused to negotiate with him.

24. Additionally, Mr. Scodellaro once again attempted to bypass Plaintiff's attorney and settle the alleged debt with Plaintiff directly.

25. The next day, Defendant sent Plaintiff initial written communication dated April 28, 2010, attached hereto as Exhibit "A."

## COUNT I
## VIOLATIONS OF SECTIONS 1692b(6) AND 1692c(a)(2) OF THE FDCPA

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

27. Sections 1692b(6) and 1692c(a)(2) prohibit a debt collector, who knows a consumer is represented by an attorney with respect to a debt, from communicating with the consumer in connection with the collection of the debt. 15 U.S.C. §§ 1692b(6), 1692c(a)(2).

28. After Plaintiff informed Defendant's collector, Mr. Scodellaro, that he was represented by an attorney and provided his attorney's contact information, Mr. Scodellaro continued attempting to resolve the debt directly with Plaintiff.

29. Subsequently, Mr. Scodellaro spoke with Plaintiff's attorney, Mr. Weisberg.

30. When Mr. Weisberg requested a settlement demand in writing, Mr. Scodellaro refused the request and proceeded to telephone and again speak with Plaintiff, despite Plaintiff's attorney representation.

4

31. Defendant violated Sections 1692b(6) and 1692c(a)(2) of the FDCPA by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF SECTION 1692d OF THE FDCPA

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

33. 15 U.S.C. § 1692d states in part, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Mr. Scodellaro knew that Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, Plaintiff's attorney's name and address.

35. Nonetheless, Mr. Scodellaro continued attempting to resolve the debt directly with Plaintiff.

36. In fact, even after speaking with Plaintiff's attorney, Mr. Scodellaro again telephoned and spoke directly with Plaintiff in an attempt to collect the alleged debt.

37. Further, Mr. Scodellaro falsely asserted that Mr. Weisberg had refused to negotiate with him.

38. The natural consequence Mr. Scodellaro's conduct was to harass, oppress, or abuse Plaintiff.

39. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF SECTION 1692e(10) OF THE FDCPA

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

41. Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". 15 U.S.C. § 1692e(10).

42. In order to facilitate settlement of the alleged debt, Mr. Weisberg requested Mr. Scodellaro to submit Defendant's proposed settlement demand and Mr. Scodellaro's contact information in writing.

43. However, Mr. Scodellaro refused.

44. After speaking with Mr. Weisberg, Mr. Scodellaro immediately telephoned Plaintiff and falsely represented to Plaintiff that Mr. Weisberg had refused to negotiate with him and again attempted to resolve the alleged debt directly with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF SECTION 1692g(a) OF THE FDCPA

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

46. Section 1692g(a) requires,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

7

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 692g(a).

47. Defendant's initial communication with Plaintiff occurred on April 27, 2010 via telephone.

48. Subsequently, Defendant sent written communication to Plaintiff, dated April 28, 2010. (*See* Exhibit "A").

49. However, Defendant failed to provide the validation notices as required by Section 1692g of the FDCPA. (*See* Exhibit "A").

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF SECTION 1692f OF THE FDCPA

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

51. Section 1692f of the FDCPA states in part, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

52. Despite knowledge that Plaintiff was represented by an attorney, Mr. Scodellaro continued attempting to resolve the alleged debt directly with Plaintiff.

53. In fact, Mr. Scodellaro continued attempting to resolve the alleged debt directly with Plaintiff even after speaking with Plaintiff's attorney.

54. Additionally, Mr. Scodellaro telephoned Plaintiff directly and misrepresented that Plaintiff's attorney, Mr. Weisberg, was refusing to negotiate.

55. In effect, Mr. Scodellaro was attempting to bypass negotiation with Plaintiff's attorney and/or induce Plaintiff to terminate Mr. Weisberg's representation.

56. Mr. Scodellaro's actions constitute unfair or unconscionable means to attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

58. Fla. Stat. § 559.72(7) states that in collecting consumer debts, no person shall "willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor."

59. Mr. Scodellaro knew that Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, Plaintiff's attorney's name and address.

60. However, Mr. Scodellaro continued to attempt to resolve the debt directly with Plaintiff.

61. In fact, even after speaking with Plaintiff's attorney, Mr. Scodellaro again telephoned and spoke directly with Plaintiff in an attempt to resolve the alleged debt.

62. Further, Mr. Scodellaro falsely asserted that Mr. Weisberg had refused to negotiate with him.

63. Mr. Scodellaro's willful conduct was reasonably expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated Fla. Stat. § 559.72(7);

b) Awarding Plaintiffs All actual compensatory damages suffered;

c) Awarding Plaintiffs Emotional and/or mental anguish damages;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

65. Fla. Stat. § 559.72(18) states that in collecting consumer debts, no person shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

66. Here, Mr. Scodellaro contacted Plaintiff by telephone.

67. Immediately, Plaintiff informed Mr. Scodellaro that he was represented by the law firm of Weisberg & Meyers in regard to the alleged debt, and provided Mr. Scodellaro with his attorney's name and contact information.

68. Nonetheless, Mr. Scodellaro continued attempting to resolve the debt directly with Plaintiff despite the fact that Mr. Scodellaro knew Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, Plaintiff's attorney's name and address.

69. Subsequently, Mr. Scodellaro spoke with Plaintiff's attorney, Mr. Weisberg.

70. When Mr. Weisberg requested a settlement demand in writing, Mr. Scodellaro refused the request and proceeded to telephone and again speak with Plaintiff, despite Plaintiff's attorney representation.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated Fla. Stat. § 559.72(18);

b) Awarding Plaintiffs All actual compensatory damages suffered;

c) Awarding Plaintiffs Emotional and/or mental anguish damages;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

71. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 16th day of June, 2011.

        Respectfully submitted,
        **ROBERT EISENBERG**

        By: s/ Aaron Radbil
        AARON RADBIL
        FBN: 0047117
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aradbil@attorneysforconsumers.com